**FIREMAN'S INS. CO. OF NEWARK, N. J., v. WEATHERMAN.**

**No. 2539.**

Court of Civil Appeals of Texas. Eastland.

Feb. 22, 1946.

Rehearing Denied March 15, 1946.

Strasburger, Price, Holland, Kelton & Miller, of Dallas, and McMahon, Springer & Smart, of Abilene, for appellant.

Scarborough, Yates & Scarborough, of Abilene, for appellee.

GRAY, Justice.

We quote from appellant's brief the following statement of the nature and results of the case:

"This is a case in which the plaintiff sought recovery on an insurance policy, upon allegations that while he was driving along the road near Colorado City, Texas, a windstorm struck his car and drove it off the road against a post, thereby practically destroying the car.

"A trial to a jury resulted in a finding that there was a windstorm on the occasion in question, which proximately caused the damage to plaintiff's car, and based upon this finding, together with an agreement as to the amount of damage sustained by the plaintiff, the court rendered judgment for the plaintiff for the sum of $850.00 and costs."

The amended motion for new trial was overruled and appeal to this court was perfected.

There is little, if any, controversy as to the facts, the only real issue being as to whether the court correctly defined the term "windstorm," and whether the evidence and definition brought the case within the terms and meaning of the policy. Appellant timely objected to the said definition, but did not tender to the court a purportedly correct definition. Said objection was made the basis for a motion for in-

structed verdict for defendant (appellant), and for a motion for judgment notwithstanding the verdict.

Appellant's first point is as follows: "The error of the court in refusing to hold that as a matter of law plaintiff, Lawrence Weatherman, could not recover against the insurance company here for the damage to his car under the policy in question, because the plaintiff wholly failed to offer competent testimony to show that his car was damaged by a windstorm."

The second point complained of the alleged error of the trial court in giving, over defendant's objection, the following definition of a windstorm:

"The term 'windstorm' as used herein means something more than an ordinary gust of wind, no matter how prolonged, and though the whirling features which usually accompany tornadoes and cyclones need not be present, it must assume the aspect of a storm."

The specific objection to said definition was that it did not incorporate the element that one of the features of a windstorm is wind of unusual, tumultuous violence, accompanied by little or no rainfall.

Only two issues were submitted to the jury:

"1. Do you find from a preponderance of the evidence that at the time and on the occasion in question, there was a windstorm, as that term has been herein defined?

"2. Do you find from a preponderance of the evidence that the proximate cause of the damage to plaintiff's car, was a windstorm, if you have so found that there was a windstorm?"

Both issues were answered in the affirmative. No complaint is made as to the definition of proximate cause.

We have found no Texas case involving an adjudication of loss or damage by windstorm, and both parties agree that the term has not been judicially defined by our Texas courts. However, we find a number of definitions from other jurisdictions, but they are not entirely uniform. But there is substantial agreement that a "windstorm" is a wind of "unusual violence" and that it must assume "the aspects of a storm." They also agree that it is more than an ordinary gust of wind, however prolonged, and that it may or may not have the whirling features of a cyclone or tornado. Some of the definitions state that it is

usually accompanied by little or no rain. Webster defines a windstorm as "a storm characterized by high wind with little or no rain." But he defines a "storm" as "a violent disturbance of the atmosphere, attended by wind, rain, snow, hail or thunder and lightning." 69 Corpus Juris, page 1306, defines "windstorm" as "a storm characterized by high wind with little or no precipitation," thus following Webster's definition.

In the Missouri case of Shaeffer v. Northern Assur. Co., Limited, Mo.App., 177 S.W.2d 688, 691, we find this definition:

"The term 'windstorm' * * * is a simple term * * * as used in a policy of insurance such as that with which we are here concerned means a wind of unusual violence. It is something more than an ordinary gust of wind or current of air no matter how long continued. It need not have the violence or the twirling or whirling features of a cyclone or tornado, but it must assume the aspects of a storm, that is, an outburst of tumultuous force."

The omitted portion was the above quoted definition from Webster. The court's definition as applied to the policy omits any mention of rainfall. The word "tumultuous" is used merely as a qualification of the word "storm." It may be further noted that in the cited case, the evidence showed no rainfall, but a recovery under the policy was upheld.

In the Iowa case, Jordan v. Iowa Mutual Tornado Ins. Co., 151 Iowa 73, 130 N.W. 177, the definition of "windstorm" was substantially the same as in the Missouri case cited, the facts showing no rainfall, but a blinding snow. A recovery on the policy was upheld in said case.

■ From the cases we have found, it seems to be immaterial to a recovery under this character of policy whether there was much, little or no rainfall. We doubt if a definition containing more than the elements "more than an ordinary gust of wind," "wind of unusual violence," and "must assume the aspects of a storm," could be framed that would be applicable to all areas. A windstorm in certain areas might have characteristics not found in windstorms in other areas. An East Texas windstorm would probably be accompanied by heavy precipitation, while a West Texas windstorm would probably be dry, but might be accompanied by so much dust as to limit visibility. It is further a mat-

ter of common knowledge that windstorms may be largely local, or cover a large area. They may or may not have the features of a cyclone or tornado, and may be of short duration or prolonged.

■ We have concluded that the definition of "windstorm" given by the trial court in this case was sufficient to bring it within the policy sued upon, and we overrule appellant's second point.

■ Appellee's third counter point, in effect, raises the question as to whether appellant may here question the correctness of said definition of "windstorm" given by the trial court, appellant not having requested and tendered what its attorneys conceived to be a correct definition, citing Rule 279, Texas Rules of Civil Procedure. However, appellant timely prepared and filed its objections to the definition given, such objections being clearly and specifically pointed out. Rule 279 is applicable where the trial court fails to submit an issue or definition, but where, as in this case, a definition was given, Rule 274 would be the applicable rule and seasonable objection to the definition would preserve the point for review. See Texas Employers Ins. Ass'n v. Mallard, Tex.Civ.App., 182 S.W.2d 1000. We overrule the counter point.

Upon the trial, the only evidence offered by plaintiff was the deposition of plaintiff, who was in the Navy, the oral testimony of his wife and certain provisions of the policy. The defendant offered the remainder of the policy. From the undisputed evidence, we learn that on June 7, 1944, appellee, his wife and child were traveling east on Highway 80, between Big Spring and Colorado City, Texas. They had stopped at Big Spring for supper, but when they resumed their journey, they noticed a heavy cloud coming up from the northwest. They were driving at about forty miles per hour, and between eight and nine o'clock reached a point sixteen miles west of Colorado City, where the storm overtook them, only a sprinkle of rain falling. Plaintiff was driving and on the seat with him were his wife and child. Plaintiff testified that sudden gusts of wind had been striking the car from the back, when a violent puff blew the rear of the car off of the pavement to the right or south, and then hurled it north across the highway and crashed it against a telephone post on the north of the bar pit,

practically destroying the car. As the car was being whirled across the highway, all the occupants were blown out through the right door, which had been accidently opened by Mrs. Weatherman. Plaintiff was corroborated fully in all the details by Mrs. Weatherman. Their testimony was not contradicted, and while they were interested parties, their evidence was submitted to the jury, resulting in a finding that said windstorm was the proximate cause of the damage to the car.

As further bearing upon appellant's first point, we quote two pertinent provisions of the policy:

"Coverage W: To pay for any loss of or damage to the automobile, hereinafter called loss, except loss caused by collision of the automobile with another object or by upset of the auomobile or by collision of the automobile with a vehicle to which it is attached. Breakage of glass and loss caused by missiles, falling objects, fire, theft, 'explosion, earthquake, windstorm, hail, water, flood, vandalism, riot or civil commotion shall not be deemed loss caused by collision or upset.

"Coverage F-1: To pay for loss of or damage to the automobile, hereinafter called loss, caused by windstorm, earthquake, explosion, hail or external discharge or leakage of water."

■ In appellant's motion for an instructed verdict, the contention is made that the loss or damage to the automobile was caused by collision with another object, to wit, a telephone post, which character of loss was excluded by the terms of the policy. We do not agree with this contention. Coverage W, quoted above, expressly provided that loss caused by windstorm and certain other enumerated causes should not be deemed loss caused by collision or upset. The jury found that the loss was caused by a windstorm. It would be idle to contend that the loss would have occurred without the windstorm. As shown by the undisputed evidence, the wind first blew the rear of the car off the pavement to the south, then suddenly reversed the direction of the car northward, blowing the occupants therefrom, and hurled the automobile across the bar pit and into the telephone post with such force as completely to wreck it. The fact that an obstruction interrupted the mad course of said automobile was purely incidental. The windstorm was the sole, inducing and ef-

ficient cause of the collision, and the facts bring the loss within the terms of the policy.

In the above quoted case, Jordan v. Iowa Mutual Tornado Ins. Co., 151 Iowa 73, 130 N.W. 177, 181, plaintiff sued on a windstorm policy for injury to cattle. The evidence showed that a severe "blizzard" was raging at the time of the loss. Loss by snow or hail was exempted. We quote from the Supreme Court's opinion sustaining a recovery under the policy:

"Appellant says, however, that the policy if so construed does not cover any loss or damage save that due directly to a windstorm such as a direct physical injury to the stock as by throwing them to the ground, driving them against some obstacle or the hurling of some object against them. As we view it this is entirely too narrow a construction. It ignores a fundamental tenet for the construction of insurance policies to the effect that if a policy is so drawn as to require interpretation and be fairly susceptible to two different constructions, that one will be adopted which is most favorable to the insured. (Citing many authorities.)

"Again it is contended that the storm was not the proximate cause of the loss or damage; that the injury to the cattle was due directly, if not solely, to the conditions of the temperature. It is a question of fact to be determined from the testimony and without setting it out it is sufficient to say that the trial court was justified in finding loss would not have happened but for the windstorm, and that this windstorm was the efficient cause of the damage. That other irresponsible causes may also have contributed to the loss does not, of itself, relieve the defendant from responsibility." (Citing many authorities.)

The applicable rule is further succinctly stated by Appleman's Insurance Law and Practice, vol. 5, page 287, § 3142:

"The insured may recover if the cause designated in a windstorm policy is the efficient cause of loss, though there may have been other contributing causes."

The trial court, in his charge on proximate cause, in part, used this language, to which no objection was made:

"The term 'proximate cause' as used in this charge, means the moving or producing cause that brings about an event or happening and without which such event or happening would not have occurred."

In the case under review the undisputed evidence showed that it was a windstorm of sufficient violence and velocity to change the course of the automobile, blow the occupants bodily therefrom and wreck it against an obstruction. The wind had certainly assumed "the aspect of a storm." Under the undisputed facts, the rainfall was not even a contributing cause of the damage. The finding of the jury on each of the issues was fully sustained by the evidence and the only evidence in the case.

Appellant advances the theory that said automobile skidded across the highway and crashed into the telephone post. Unfortunately for the theory, it has no support in the evidence. No issue as to a skidding was submitted by the court and none was requested.

The judgment of the trial court is affirmed.