SUN UNDERWRITERS INS. CO. OF NEW YORK v. LOYOLA UNIVERSITY.

LOYOLA UNIVERSITY v. SUN UN-DERWRITERS INS. CO. OF NEW YORK.

No. 13512.

United States Court of Appeals, Fifth Circuit.

May 2, 1952.

Harry B. Kelleher, Carl J. Schumacher, Jr., H. Martin Hunley, Jr. and George B. Matthews, New Orleans, La., for appellant.

John T. Charbonnet, Chas. I. Denechaud, Jr., New Orleans, La., for appellee.

Before HUTCHESON, Chief Judge, and RUSSELL and RIVES, Circuit Judges.

RUSSELL, Circuit Judge.

In this suit, Loyola University, which we denominate appellee, as plaintiff, instituted the action in the State Court against Sun Underwriters Insurance Company of New York, referred to as appellant, seeking to recover under a policy of fire and extended coverage insurance for specified items of damages to its properties located in the vicinity of Shell Beach, Louisiana, during the disastrous hurricane along the Gulf coast of Mississippi and Louisiana in September, 1947. The suit was removed by the defendant to the Federal Court where, after a trial in which the evidence presented at great length the facts and circumstances surrounding the hurricane and the damage, the trial Court made findings of facts and conclusions of law upon which it predicated a judgment in favor of the insured appellee for specified claims of loss as covered by the policy and denied others as not being within its terms. These findings and conclusions are reported in Loyola University v. Sun Underwriters Ins. Co., D.C., 93 F.Supp. 186, to which reference may be made.

The extended coverage provision insured against loss and damage by "windstorm, cyclone, tornado * * * and loss of use (rental value) on building items", and the coverage was extended by endorsement to include loss on wharves and pile foundations, including steps, by "rising waters from wave wash" not to exceed $2000. The loss caused by wave wash is not in question here. The policy provision immediately in question is set forth in the margin.[1] Upon this appeal the appellant contends that in

[1] "This company shall not be liable * * * for loss or damage occasioned directly or indirectly by or through any tidal wave, highwater, overflow, cloudburst, theft; nor for any loss or damage caused by water or rain, whether driven by wind or not, unless the building insured, or containing the property insured, shall first sustain an actual damage to the roof or walls by the direct force of the wind, and shall then be liable only for such damage to the interior of the building or the insured property therein, as may be caused by water or rain entering the building through openings in the roof or walls made by the direct action of the wind * * *."

view of the restricted coverage the finding of liability against it is unsupported in fact and in law because, in the first place there is no proof that the loss and damage claimed were the "direct result of the wind." In the second place, that in any event the evidence only establishes that the loss was due partly to wind and partly to high water and that the policy does not insure against damage caused by the dual agency of wind and water and, in connection with this, that the evidence does not distinguish damage caused by wind and that caused by water so that, all in all, the appellee has utterly failed to bring its damages within the provisions of the policy upon which recovery is sought. In reply to this argument, and in support of the judgment in its favor, the appellee relies upon the basic proposition that the appellant's argument overlooks the undisputed testimony that the heighth of the hurricane, which produced at the location in question winds of velocity from 93 to 115 miles per hour, was some two and one-half hours prior to the time the water reached its highest level, and that prior to any significant rise of the water it was shown by an eye witness that the boat and bath house immediately adjacent to the main building had already been blown away by the force of the wind. At this time the floor of the main building involved was at least 7.9 feet above the water. Attention is also called to the fact that the force of the hurricane was from the North and Northeast, later changing to Southeast; that the changed wind brought in the water from the Gulf which flooded the area, and that the major damage to the property was on the North and Northeast side of the buildings from which direction the strongest winds came. The properties insured, with their contents, included a rest camp, the main building, a boat and bath house, a caretaker's house and garage, and chicken houses. Counsel here discuss in detail their views of the effect of the evidence with reference to numerous items of damages, but we find it unnecessary to discuss and publish these respective contentions in detail. The trial Court, while allowing the major claims of the appellee, disallowed others, and appellee by cross-appeal seeks to have the judgment amended to include the disallowed items. The controlling question in the case is in fact presented by the Court's second conclusion of law to the effect that the plaintiff in discharging its burden of proof to establish that the damages were within the terms of the policy could successfully do so "by direct and circumstantial evidence and the opinions of expert and skilled witnesses." We think this a sound legal conclusion and when it is applied to the evidence and circumstances which we find in the record it does not appear that the findings of facts are clearly erroneous, or that any cause is shown for reversal of the judgment. The solution of the difficult question of what items of proved damages were within, and which were without, the coverage of the policy was primarily for the trier of the facts to be determined in the light of the applicable law. We find no occasion to disturb these findings. The controlling features of the case sufficiently appear in the printed opinion of the District Court, to which we have referred, and they need not be here reiterated or further discussed.

The judgment of the District Court is in all respects affirmed.

Judgment affirmed.