**FARMERS INSURANCE EXCHANGE, Appellant,**

v.

**C. R. WALLACE, Appellee.**

No. 15588.

Court of Civil Appeals of Texas.

Fort Worth.

Feb. 11, 1955.

Rehearing Denied March 11, 1955.

Touchstone & Bernays, and W. Richard Bernays, Dallas, for appellant.

C. O. McMillan, Stephenville, for appellee.

MASSEY, Chief Justice.

From a judgment for the plaintiff, C. R. Wallace, in a suit against the defendant, Farmers Insurance Exchange, the defendant appealed. The suit was one under contract to collect benefits under an automo-

bile insurance policy because of the coverage known as "comprehensive".

Judgment affirmed.

Under the Texas Standard Form of automobile insurance contract prescribed by the Insurance Commission of the State of Texas, "comprehensive" coverage imposes the obligation upon an insurance company to pay "for any direct and accidental loss of or damage to the automobile, hereinafter called loss, except loss caused by collision of the automobile with another object or by upset of the automobile or by collision of the automobile with a vehicle to which it is attached. Breakage of glass and loss caused by missiles, falling objects, fire, theft, explosion, earthquake, windstorm, hail, water, flood, vandalism, riot or civil commotion shall not be deemed loss caused by collision or upset."

Under the Texas Standard Form of automobile insurance contract prescribed by the Insurance Commission of the State of Texas, "collision or upset" coverage imposes the obligation upon an insurance company to pay "for direct and accidental loss of or damage to the automobile, hereinafter called loss, caused by collision of the automobile with another object or by upset of the automobile, * * *."

C. R. Wallace had been issued a policy of insurance upon his automobile by the defendant. He had purchased "comprehensive" coverage, but not "collision or upset" coverage. During the effective period of his policy a sudden strong gust of wind toppled the automobile over while it was being driven on a public highway, or in other words, "upset" it. The automobile struck nothing except the surface of the ground, but for our purposes here we believe the circumstance would be no different from that in which the wind had moved the car so that it came into collision with another vehicle or object through a movement on its part due to the force of the wind in a windstorm.

"Direct Loss", as used in a policy insuring against all direct loss, means immediate or proximate as distinguished from remote. See 12A Words and Phrases, p. 137, et seq. The manner of the occurrence in question was "accidental" as well, in so far as the plaintiff would be concerned, in the same manner that vandalism, riot, etc., would be.

It follows that the damage done to the plaintiff's automobile was due to windstorm, for it was the force of the wind which was the actual and dominant peril which damaged the automobile. It was the insured peril, and the peril which set other causes in motion (viz.: the speed on the road at which the automobile was being driven, the loss of control of the automobile, if any, etc.) which in unbroken sequence and connection produced the final result for which the plaintiff seeks to recover under his policy. The windstorm peril insured against will therefore be regarded as the direct and proximate cause of the entire loss.

It is not necessary to determine whether the plaintiff might have been able to maintain a similar cause of action in the event his coverage was that of "collision or upset" instead of "comprehensive". If he could, it would be because of an "overlap" of the two coverages in regard to the peculiar manner in which the plaintiff's loss occurred.

Our holding is premised upon the cases of Fireman's Ins. Co. v. Weatherman, Tex. Civ.App., Eastland, 1946, 193 S.W.2d 247, writ refused, n. r. e., in which there is a marked similarity of facts to the instant case; Glens Falls Ins. Co. v. McCown, 1951, 149 Tex. 587, 236 S.W.2d 108; Providence Washington Ins. Co. v. Proffitt, 1951, 150 Tex. 207, 239 S.W.2d 379; United States Ins. Co. of Waco v. Boyer, 1954, Tex., 269 S.W.2d 340; and upon the cases and textual authorities cited therein.

As in the case of Fireman's Ins. Co. v. Weatherman, supra, the Insurance Company here contends that there was no evidence, and alternatively insufficient competent evidence, to support the fact findings

relative to the wind constituting a "windstorm" as contemplated by the insurance policy and, as such, to have constituted the direct and proximate cause of the damage done to the plaintiff's automobile. We have examined the statement of facts and have concluded that there was evidence of probative force sufficient to support the findings of fact of which complaint is made.

Judgment is affirmed.