**E. L. PARMER, Plaintiff,**

v.

**UTAH HOME FIRE INSURANCE COMPANY, Defendant.**

**Civ. A. No. 13920.**

United States District Court
S. D. Texas,
Houston Division.
July 15, 1963.

Walton & Brochstein (Dan E. Walton), Houston, Tex., for plaintiff.

Butler, Binion, Rice & Cook, Quinnan H. Hodges and Malcolm R. Wilkey, Houston, Tex., for defendant.

HANNAY, District Judge.

Plaintiff, a Texas resident, sued Defendant Insurance Company, a Utah corporation, upon an insurance policy in the sum of $20,000.00 issued by the Defendant upon a house owned by the Plaintiff. The case was tried before the Court without a jury.

It is admitted that the policy for $20,000.00 was in full force and effect at the time the loss occurred, but Defendant contends that the loss claimed was not due to a hazard covered by the terms of the policy except for the amount of $969.20 because of wind damage, less $100.00 deductible.

Plaintiff prays for the full amount of the policy less the $100.00 deductible.

Defendant plead affirmatively Section II C of the policy, which is as follows:

"EXCLUSIONS: This policy does not insure against—

"C. Loss by * * * surface waters, flood waters, waves, tide or tidal wave, high water, or overflow of streams or bodies of water, all whether driven by wind or not, * * * * "

The insurance policy also contained the following provisions:

"CONDITIONS APPLICABLE ONLY TO WINDSTORM, HURRI-CANE AND HAIL: Unless specifically named hereon, this Company shall not be liable for * * * loss caused by * * * (b) * * * tidal wave, high water, or overflow, whether driven by wind or not; nor for any loss caused by rain, whether driven by wind or not, *unless the wind or hail shall first make an opening in the walls or roof of the described building, and shall then be liable only for loss to the interior of the building, or the insured property therein, caused immediately by rain entering the building through such openings.*" (Emphasis added.)

Plaintiff's home was a two-story brick veneer house with a composition roof located in the Brownwood Addition of Wooster near the city of Baytown in Harris County, Texas. The dwelling was on a peninsula and had an altitude of from three or four feet above sea level.

As above stated, while admitting damage due to wind alone in the amount above mentioned, Defendant further contends that the major damage to the dwelling was caused by either high water of about seven feet in height, or a combination of high water and wind, and that under either of these conditions Defendant would not be liable for the resulting damage. This is an accurate legal conclusion if supported by facts.

Plaintiff claims that damage in an amount in excess of $20,000.00 to his dwelling was caused by forces insured against in said policy.

Since Defendant has admitted partial liability, the question for decision is: What amount of damage was caused by wind alone and by water that entered the building through openings that the wind had made in the roof and walls which caused the loss to the interior of the building?

■ The testimony establishes that the velocity of the wind of Hurricane Carla was between 150 and 175 miles per hour and that the rainfall was heavy on the 11th day of September, 1961, when the hurricane struck. In this connection, unquestionably, the burden of proof is upon the Plaintiff to establish by a preponderance of the evidence that the sole or the efficient, direct and proximate cause of the damage to his dwelling was either high wind or by rain that entered the building through openings made by the wind that did damage to the interior of Plaintiff's building. It is my opinion that the Plaintiff's contention that much the greater part of his damage was caused by direct wind and by rain that entered the building through openings caused by the direct effect of the high wind, is accurate, is within the terms of the policy, and has been properly proven.

■■ It is well settled that a policy of insurance should be liberally construed in favor of the Plaintiff. See Providence Washington Ins. Co. v. Proffitt, 150 Tex. 207, 239 S.W.2d 379, and United States Ins. Co. of Waco v. Boyer, Tex., 269 S.W.2d 340. Also, the damage may be proportioned when the respective damage done by the policy's included and excluded causes can be distinguished. Insurance Co. v. Transportation Co., 12 Wall. 194, 79 U.S. 194, 20 L.Ed. 378; Franklin Fire Ins. Co. of Philadelphia v. Smith, Tex.Civ.App., 103 S.W.2d 470. Here is such a situation.

The testimony of eye witnesses establish the fact that the hurricane struck Plaintiff's house and other houses in that neighborhood around 5:30 to 6:00 p. m. on September 11, 1961. This was prior to the arrival of the high water in that vicinity.

■ The question of causation is one of fact. This is well settled law. See Fireman's Ins. Co. v. Weatherman, Tex. Civ.App., 193 S.W.2d 247; Home Ins. Co., New York v. Sherrill, 5 Cir., 174 F. 2d 945; Royal Ins. Co., Ltd. v. Martinolich, 5 Cir., 179 F.2d 704.

Defendant strongly relies upon the testimony of a witness who has had vast experience in testifying in favor of insurance companies in cases of losses claimed by wind or water or other elements. From his experience in so testifying, it is not to be expected that his testimony would be or was either objective or impartial. I am not impressed with either his ability as an expert or his veracity as a witness. He did concede that a large part of the wind damage was to the roof of Plaintiff's house. If the hurricane had struck after the water damage as claimed by him, it is logical to deduce that in its partially destroyed condition, the remainder of the structure would have been blown down or blown away at that time.

In a case involving substantially similar insurance provisions, towit, Loyola University v. Sun Underwriters Ins. Co., D.C., 93 F.Supp. 186, Judge Wright, now a Circuit Judge, wrote as follows:

"The burden of proof rests on the plaintiff to establish by a preponderance of evidence the facts upon which relief is sought. These facts may be established by direct and circumstantial evidence and the opinions of expert and skilled witnesses.

"Under the policy sued on the plaintiff is entitled to recover for all direct loss or damage caused by the hurricane winds and for all loss or damage caused by water or rain to the interior of the property and the contents thereof where such water or rain entered the property through openings in the roof or walls made by the direct action of the wind".

The points above quoted were expressly approved by the Fifth Circuit in affirming Judge Wright as reported in 196 F.2d 169, at page 170:

"* * * The controlling question in the case is in fact presented by the Court's second conclusion of law to the effect that the plaintiff in discharging its burden of proof to establish that the damages were within the terms of the policy could successfully do so 'by direct and circumstantial evidence and the opinions of expert and skilled witnesses.'

We think this a sound legal conclusion and when it is applied to the evidence and circumstances which we find in the record it does not appear that the findings of facts are clearly erroneous, or that any cause is shown for reversal of the judgment. The solution of the difficult question of what items of proved damages were within, and which were without, the coverage of the policy was primarily for the trier of the facts to be determined in the light of the applicable law. We find no occasion to disturb these findings. * * * "

In the Loyola case, supra, the velocity of the wind was only 93 to 115 miles per hour while in the instant case the velocity of the wind was between 150 and 175 miles per hour. The destructive force of such winds is shown not only by eye witness testimony but by the pictures of Plaintiff's house and other houses in the near proximity, one of which was blown away entirely leaving only the concrete foundation upon which it had rested.

To the same effect as the Loyola case is the recent case of Johnson v. Kansas City Fire & Marine Insurance Co., Mo. App., 364 S.W.2d 68, where substantially the same language was used with reference to the loss of the interior of the building caused by rain where it provided:

" * * * the property covered shall first sustain an actual damage to roof or walls by the direct force of wind or hail and then this Compa-ny shall be liable for loss to the interior of the building(s) or the property covered therein as may be caused by rain, snow, sand or dust entering the building(s) through openings in the roof or walls made by direct action of wind or hail."

I therefore conclude as a matter of law that this Court has jurisdiction of the parties and of the subject matter of this suit.

■ I conclude that the respective amounts of damage which should be borne by Plaintiff and Defendant can be and are distinguishable and determinable.

I conclude as a fact and as a matter of law that the loss and damage to Plaintiff was in excess of the $20,000.00 insured for and that three-fourths of said damage was caused by direct force of the wind and of water which entered the house through openings in the roof or walls of the house which were caused by explosive winds.

I therefore decree that three-fourths of $20,000.00, which is $15,000.00, less $100.00, leaving $14,900.00, be awarded and is hereby awarded to Plaintiff together with interest at the rate of six per cent per annum from October 1, 1961, until paid.

I further conclude that all costs of court should be and hereby are adjudged against Defendant.

The above shall constitute the findings of fact and conclusions of law herein.