**EMPLOYERS' FIRE INSURANCE CO.,**
Appellant,

v.

**Louis A. HOWSLEY, Appellee.**

No. 7788.

Court of Civil Appeals of Texas.

Amarillo.

July 1, 1968.

Rehearing Denied Aug. 5, 1968.

Crenshaw, Dupree & Milam and Cecil C. Kuhne, Lubbock, for appellant.

Mark S. Smith, Lubbock, for appellee.

DENTON, Chief Justice.

This is a suit brought by Louis A. Howsley against Employers' Fire Insurance Co. upon a Texas Standard Home Owners Insurance Policy for the loss of personal property. Both parties filed motions for summary judgment. The plainitff's motion was granted and judgment entered for the plaintiff for $1,000.00.

The record, consisting of Howsley's deposition, the insurance policy in question and the pleadings present no disputed facts. Howsley, an avid outdoorsman, lost his personal property consisting of camping and fishing equipment, clothes and camera equipment when two rubber boats or rafts overturned while floating down the Rio Grande River in New Mexico. The only evidence concerning the accident is found in Howsley's deposition. Howsley and a friend were in the two rubber boats which were attached to each other as they floated down the river at the place he referred to as the "Rio Grande Gorge". They experienced difficulty in rowing the boats because of a current which was "split by a large rock". The currents apparently caused the two boats to float "sideways". The boats washed up against the large rock "one of them went on this side and the other on this side". The men were rowing against the wind which Howsley described as "a terrificly strong wind". He testified that when the boats came to rest on the rock the wind "flipped it over like flipping a match or something". His testimony was to the effect that the force of the impact of the boat upon the rock did not overturn the boat but that it was caused by the wind. The equipment was lost in the river when the boat capsized.

The insurance company takes the position the loss is not one within the coverage of the policy, and that the loss is specifically excluded from coverage under the express provisions of the policy. Under the heading "Perils Insured Against" the policy provides unscheduled personal property is insured against "windstorm, hurricanes and hail; and aircraft and vehicles". One of the exclusions of the policy provides:

"This insurance does not cover:

d.   loss caused by or resulting from:

(1)   flood, surface, water, waves, title water or title wave, overflow of streams or other bodies of water, or spray from any of the foregoing, all whether driven by wind or not."

In regard to Coverage B. (pertaining to personal property) the policy further provides:

"Exclusions—Coverage B. does not cover:

b.   outboard motors, watercraft, their furnishings and equipment except while on land on the premises of the described dwelling."

Another material provision of the policy reads: "Off premises coverage—subject to the provisions and conditions of this policy and the exclusions and limitations therein, Coverage B. also covers as additional insurance, unscheduled personal property (except property usually rented to others), owned, worn or used by the insured, including members of his family of the same household, anywhere in the world."

The insurance company pleaded the specific exclusions set out above and thereby raised the issue of policy coverage and, therefore, it became the burden of the insured to prove the loss was not attributable to the excluded hazards and that the loss was within the coverage of the policy. Hardware Dealers Mutual Ins. Co. v. Berglund, 393 S.W.2d 309 (Sup.Ct.); Shaver v. National Title & Abstract Co., 361 S.W.2d 867 (Sup.Ct.).

■   Appellee urges recovery for the loss under two perils insured against: loss by windstorm and by vehicles. He further contends the exclusions pleaded by the insurance company are not applicable. In

interpreting the insurance policy it must be construed according to the intent of the parties, to be determined from the language used, the subject matter to which they relate and matters related thereto. Brown v. Palatine Ins. Co., 89 Tex. 590, 35 S.W. 1060, 13 Tex.Juris.2d 287, Contracts, Sec. 122 and the numerous authorities there cited.

The undisputed testimony is that the personal property was lost as distinguished from being damaged. The goods could not be located after the boat capsized. The goods were lost as a result of the boat being capsized. The question is—what was the cause of the boat capsizing? The only evidence before us conclusively establishes the fact that it was caused by a "terrificly strong wind". The two rubber boats were placed upon the surface of the large rock by the currents in the river. However, this was not the cause of the boats capsizing. It was caused when the boat or raft which "set up pretty high" was caught by the wind and flipped over.

The exclusion "flood, surface water, waves—all whether driven by wind or not" is not applicable to the undisputed facts of this case. Flood waters are defined as those being above the highest line of ordinary flow of a stream; while surface water is generally defined as that which is derived from rain or melting snow, and is diffused over the surface of the ground while it remains in such diffused state. Sun Underwriters Ins. Co. v. Bunkley, Tex. Civ.App., 233 S.W.2d 153 (writ ref'd). Neither of these conditions existed in the instant case and there is no evidence of waves in the river at the time of the accident. Water was involved only as the recipient of the goods when the raft capsized. Water of this nature is not an express exclusion under the policy. We are of the opinion the exclusion of "outboard motors, watercraft, their furnishings and equipment" is not applicable here.

The assured makes no claim for loss to these items and the personal property lost by the insured cannot be said to be the furnishing or equipment of the rubber raft which capsized. Also we are not in agreement with appellee that the loss was one suffered by a vehicle within the terms of the policy. Even if it could be said the rubber boat or raft is a vehicle the damage or loss was not caused by the raft itself.

One of the perils insured against was "windstorm", which has been defined as "something more than an ordinary gust of wind, no matter how prolonged, and though the whirling features which usually accompany tornadoes and cyclones need not be present, it must assume the aspect of a storm". Fireman's Ins. Co. of Newark, N. J. v. Weatherman, Tex.Civ.App., 193 S.W.2d 247 (ref'd n. r. e). The case cites other authorities approving similar or identical definitions. Howsley described the wind as "terrificly strong" and said the wind was "blowing up the canyon". We think the record is sufficient to bring the loss within this insured peril of the policy, and that the "terrificly strong wind" was the dominant and efficient cause of appellee's loss. The evidence does show the split or divided currents were instrumental in forcing the raft upon the rock. Although this condition did contribute to the circumstances leading to the loss it was not the efficient cause. It has been held that if a windstorm is the dominant or efficient cause of loss the insured may recover notwithstanding that another cause or causes contributed to the damage. Providence Washington Ins. Co. v. Cooper, Tex.Civ. App., 223 S.W.2d 329 (ref'd n. r. e.) and Farmers Ins. Exchange v. Wallace, Tex. Civ.App., 275 S.W.2d 864 (ref'd n. r. e.); 93 A.L.R.2d 157.

The judgment of the trial court is affirmed.