Honorable Bob Bush Chairman Committee on Judiciary Texas House of Representatives P.O. Box 2910 Austin, Texas 78769
Honorable Oscar H. Mauzy Chairman Committee on Jurisprudence Texas State Senate P.O. Box 12068, Capitol Station Austin, Texas 78711
Re: Whether article 6686(a)(7), V.T.C.S., as amended by House Bill No. 1778, applies to persons who sell boat trailers but not self-propelled vehicles
Gentlemen:
This opinion addresses inquiries directed to this office concerning the effect of House Bill No. 1778 (amending article 6686(a)(7), V.T.C.S.) and the applicability of its bond requirement to certain dealers otherwise subject to the act. Because both of you ask related questions dealing with the same subject matter, we have consolidated your requests in this opinion. Representative Bush asks whether amended article 6686(a)(7) applies to persons who sell boat trailers but do not sell self-propelled vehicles. Senator Mauzy asks whether the bond requirement added by House Bill No. 1778 is applicable to dealers who do not deal in motor vehicles. For reasons which shall appear below, we conclude that section (a)(7) of article 6686 remains applicable to dealers of boat trailers who do not sell self-propelled vehicles; we do not, however, believe that the bond requirement contained therein was intended to apply to such dealers.
Section (a) of article 6686 details the procedures to be followed by applicants for an original dealer's and manufacturer's general distinguishing number or master dealer's license plate. The statute affects any dealer or manufacturer of "motor vehicles, motor cycles, house trailers, trailers, or semitrailers" doing business or manufacturing such vehicles in this state as those terms are defined in article 6675a-1, and article 6686, sections (a)(1), (a)(2), (a)(8), V.T.C.S. Article 6675a-1 provides the following definitions:
 (a) `Vehicle' means every device in, or by which any person or property is or may be transported or drawn upon a public highway, except devices moved only by human power or used exclusively upon stationary rails or tracks.
 (b) `Motor Vehicle' means every vehicle, as herein defined, that is self-propelled.
 (c) `Motor Cycle' means every motor vehicle designed to propel itself on not more than three wheels in contact with the ground . . .
. . . .
 (g) `Trailer' means every vehicle designed or used to carry its load wholly on its own structure and to be drawn by a motor vehicle.
 (h) `Semi-trailer' means vehicles of the trailer type so designed or used in conjunction with a motor vehicle that some part of its own weight and that of its load rests upon or is carried by another vehicle. (Emphasis added).
House Bill No. 1778, enacted during the last legislative session and effective January 1, 1984, significantly amended section (a)(7) of article 6686. Acts 1983, 68th Leg., ch. 941, at 5174. Section (a)(7) prescribes the fees and forms required of all applicants for dealer's and manufacturer's license plates and tags. House Bill No. 1778 raised the fee for these items to two hundred and fifty dollars. In addition, the bill amended section (a)(7) to require "each applicant" to file a bond in the amount of 25,000 dollars with the Department of Highways and Public Transportation. The salient features of the bond are
1. it is required of `each applicant,'
2. it is conditioned on
 (a) payment of valid bank drafts drawn for the purchase of motor vehicles in dealer-to-dealer transactions and
 (b) transfer of good title to each motor vehicle the applicant sells, and
 3. the bond is waived for applicants possessing dealer licenses issued by the Texas Motor Vehicle Commission.
Acts 1983, 68th Leg., ch. 941, at 5175.
The inquiries directed to this office in reference to this amendment of article 6686 describe the predicament of certain dealers who, as an adjunct to the sale of another item, sell trailers on which to transport the object of the primary transaction — e.g., retail boat dealers who provide their customers with trailers as part of the sale of a boat. By virtue of the fact that these dealers are "regularly and actively engaged in the business of buying, selling, or exchanging . . . trailers," they must comply with the provisions of article 6686, section (a)(1). That they do not sell motor vehicles is, for the purposes of the act, inconsequential. Moreover, as section (a)(7) by its terms applies to "[e]ach applicant for an original dealer's or manufacturer's general distinguishing number and master dealer's license plate," these dealers are similarly bound by its conditions. Acts 1983, supra at 5174. Accordingly, it is our opinion that, notwithstanding House Bill No. 1778, article 6686 remains applicable to persons who sell boat trailers but do not sell self-propelled vehicles. However, to answer the question of whether these dealers must post the bond required by section (a)(7), we must resort to settled rules of statutory construction.
In construing statutes, courts adhere to the following rules:
 No inflexible rule can be announced for the construction of statutes. However, the dominant rule to be observed is to give effect to the intention of the Legislature. Generally the intent and meaning is obtained primarily from the language of the statute. In arriving at the intent and purpose of the law, it is proper to consider the history of the subject-matter involved, the end to be attained, the mischief to be remedied, and the purposes to be accomplished. `Where, however, the language of the statute is of doubtful meaning, or where an adherence to the strict letter would lead to injustice, to absurdity, or to contradictory provisions, the duty devolves upon the court of ascertaining the true meaning. If the intentions of the Legislature cannot be discovered, it is the duty of the court to give the statute a reasonable construction consistent with general principles of law.'
City of Sherman v. Public Utility Commission of Texas,643 S.W.2d 681, 684 (Tex. 1983). With respect to the legislative intent behind House Bill No. 1778, we find the following passage instructive:
 [M]any persons are improperly taking financial advantage of being designated a Texas auto dealer. The designation, obtained for a $100 fee, allows a person to purchase autos from other dealers substantially below retail prices, and the person also would be exempt from the Texas sales tax on motor vehicles.
Although to be designated a Texas auto dealer requires other procedures than the $100 fee, these procedures are not adequately enforced. The result is many `non-dealers' seeking to gain the dealers designation for the financial benefits. Currently approximately 10 to 12 thousand persons are awaiting action on their applications to become Texas auto dealers.
In addition, many transactions between independent auto dealers and between auto dealers and consumers are not adequately protected from certain practices, including a failure to issue certificate of title.
Bill Analysis to House Bill No. 1778, prepared for House Committee on Transportation, filed in Bill File to House Bill No. 1778, Legislative Reference Library. The purpose of House Bill No. 1778, therefore, appears two-fold. First, the bill was intended to discourage persons from unscrupulously acquiring automobile dealers status. Second, the bill sought to provide security to consumers and auto dealers by requiring a bond to ensure both the payment of bank drafts drawn by applicants for the purchase of motor vehicles from another dealer and the transfer of good title for each motor vehicle sold by applicants. Thus, while the remainder of article 6686 is applicable to dealers who sell trailers, it is our opinion that the bond requirement of section (a)(7) was intended to apply only to dealers who purport to sell motor vehicles.
The conclusion we reach rests upon the historical distinction between "trailers" and "motor vehicles" as objects of regulation. Though drawn primarily from statutory language, this distinction finds support in the courts as well:
 [A] `motor vehicle' is a common term, recognized to be a self-propelled vehicle, in other words, a vehicle which is pulled or pushed by a motor within or on itself. There is no doubt but that the above statutes [articles 6675a-1; 6701h, section 1; and 6687-1] indicate, that a trailer pulled by a motor vehicle may become a part of said motor vehicle, but none of the statutes provide that a trailer is a motor vehicle. A trailer has been defined by some of the courts as follows: `It is only so much freight, even though it does run on its own wheels'. . . . Where a person lends a trailer or semi-trailer to an owner of a truck and while the same is being so operated on the public highway and connected with said truck, it has been held that the owner of the trailer is not responsible in damages to a third party, because the same is not considered a `motor vehicle.' [citations omitted].
Prudential Insurance Co. of Great Britain v. Associated Employers Lloyd, 250 S.W.2d 477, 480 (Tex.Civ.App.-Fort Worth 1952, no writ). Consequently, although the amendment to section (a)(7) requires each applicant to file a bond "[a]s a condition for the issuance of a license or licenses described in this subsection," Acts 1983, supra, at 5175, the specific use of the words "motor vehicle" in the amendment evinces the clear legislative intent to limit the operation of the bond requirement to motor vehicle dealers.
Furthermore, the bond required by article 6686, section (a)(7) is expressly conditioned upon payment of bank drafts drawn for "the purchase of motor vehicles from another dealer and the applicant's transfer of good title to each motor vehicle that the applicant purports to sell." Id. The dealers described in your requests (1) sell trailers and not motor vehicles, (2) engage solely in retail sales, not in dealer-to-dealer transactions, and (3) do not issue certificates of title to the trailers they sell. See V.T.C.S. art. 6687-1, § 2b (certificate of Title Acts "trailer" means every vehicle having weight in excess of 4000 pounds drawn by a motor vehicle). We do not presume that the legislature, in enacting House Bill No. 1778, intended to impose an impossible requirement on dealers who do not sell motor vehicles. See Texas and Pacific Railway Co. v. Perkins,48 S.W.2d 249, 251 (Tex.Comm'n App. 1932, holding approved). Nor do we presume that the legislature intended adherence to the strict letter of section (a)(7) to create an unjust, absurd, or contradictory result. City of Sherman v. Public Utility Commission of Texas, supra. Accordingly, we conclude that the bond requirement of amended article 6686, section (a)(7) does not apply to dealers who do not sell motor vehicles as detailed in the foregoing discussion.
 SUMMARY
Article 6686, section (a)(7) remains applicable to persons who sell boat trailers but do not sell self-propelled vehicles; the bond required by that subsection, however, is inapplicable to such persons.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Tom Green First Assistant Attorney General
 David R. Richards Executive Assistant Attorney General
 Prepared by Rick Gilpin Assistant Attorney General