

# The Attorney General of Texas

March 15, 1984

**JIM MATTOX**
**Attorney General**

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Bob Bush
Chairman
Committee on Judiciary
Texas House of Representatives
P. O. Box 2910
Austin, Texas    78769

Honorable Oscar H. Mauzy
Chairman
Committee on Jurisprudence
Texas State Senate
P. O. Box 12068, Capitol Station
Austin, Texas    78711

Opinion No. JM-136

Re:  Whether article 6686(a)(7),
V.T.C.S., as amended by House
Bill No. 1778, applies to persons
who sell boat trailers but not
self-propelled vehicles

Gentlemen:

This opinion addresses inquiries directed to this office concerning the effect of House Bill No. 1778 (amending article 6686(a)(7), V.T.C.S.) and the applicability of its bond requirement to certain dealers otherwise subject to the act. Because both of you ask related questions dealing with the same subject matter, we have consolidated your requests in this opinion. Representative Bush asks whether amended article 6686(a)(7) applies to persons who sell boat trailers but do not sell self-propelled vehicles. Senator Mauzy asks whether the bond requirement added by House Bill No. 1778 is applicable to dealers who do not deal in motor vehicles. For reasons which shall appear below, we conclude that section (a)(7) of article 6686 remains applicable to dealers of boat trailers who do not sell self-propelled vehicles; we do not, however, believe that the bond requirement contained therein was intended to apply to such dealers.

Section (a) of article 6686 details the procedures to be followed by applicants for an original dealer's and manufacturer's general distinguishing number or master dealer's license plate. The statute affects any dealer or manufacturer of "motor vehicles, motor cycles, house trailers, trailers, or semitrailers" doing business or manufacturing such vehicles in this state as those terms are defined in article 6675a-1, and article 6686, sections (a)(1), (a)(2), (a)(8), V.T.C.S. Article 6675a-1 provides the following definitions:

> (a) 'Vehicle' means every device in, or by which any person or property is or may be transported or drawn upon a public highway, except devices moved only by human power or used exclusively upon stationary rails or tracks.
>
> (b) 'Motor Vehicle' means every vehicle, as herein defined, that is self-propelled.
>
> (c) 'Motor Cycle' means every motor vehicle designed to propel itself on not more than three wheels in contact with the ground . . .
>
> . . . .
>
> (g) 'Trailer' means every vehicle designed or used to carry its load wholly on its own structure and <u>to be drawn by a motor vehicle.</u>
>
> (h) 'Semi-trailer' means vehicles of the trailer type so designed or used in conjunction with a motor vehicle that some part of its own weight and that of its load rests upon or is carried by another vehicle. (Emphasis added).

House Bill No. 1778, enacted during the last legislative session and effective January 1, 1984, significantly amended section (a)(7) of article 6686. Acts 1983, 68th Leg., ch. 941, at 5174. Section (a)(7) prescribes the fees and forms required of all applicants for dealer's and manufacturer's license plates and tags. House Bill No. 1778 raised the fee for these items to two hundred and fifty dollars. In addition, the bill amended section (a)(7) to require "each applicant" to file a bond in the amount of 25,000 dollars with the Department of Highways and Public Transportation. The salient features of the bond are

> 1. it is required of 'each applicant,'
>
> 2. it is conditioned on
>
> > (a) payment of valid bank drafts drawn for the purchase of motor vehicles in dealer-to-dealer transactions and
> >
> > (b) transfer of good title to each motor vehicle the applicant sells, and

3.  the bond is waived for applicants possessing
dealer licenses issued by the Texas Motor Vehicle
Commission.

Acts 1983, 68th Leg., ch. 941, at 5175.

The inquiries directed to this office in reference to this
amendment of article 6686 describe the predicament of certain dealers
who, as an adjunct to the sale of another item, sell trailers on which
to transport the object of the primary transaction -- e.g., retail
boat dealers who provide their customers with trailers as part of the
sale of a boat.  By virtue of the fact that these dealers are
"regularly and actively engaged in the business of buying, selling, or
exchanging . . . trailers," they must comply with the provisions of
article 6686, section (a)(1).  That they do not sell motor vehicles
is, for the purposes of the act, inconsequential.  Moreover, as
section (a)(7) by its terms applies to "[e]ach applicant for an
original dealer's or manufacturer's general distinguishing number and
master dealer's license plate," these dealers are similarly bound by
its conditions.  Acts 1983, supra at 5174.  Accordingly, it is our
opinion that, notwithstanding House Bill No. 1778, article 6686
remains applicable to persons who sell boat trailers but do not sell
self-propelled vehicles.  However, to answer the question of whether
these dealers must post the bond required by section (a)(7), we must
resort to settled rules of statutory construction.

In construing statutes, courts adhere to the following rules:

No inflexible rule can be announced for the
construction of statues.  However, the dominant
rule to be observed is to give effect to the
intention of the Legislature.  Generally the
intent and meaning is obtained primarily from the
language of the statute.  In arriving at the
intent and purpose of the law, it is proper to
consider the history of the subject-matter
involved, the end to be attained, the mischief to
be remedied, and the purposes to be accomplished.
'Where, however, the language of the statute is of
doubtful meaning, or where an adherence to the
strict letter would lead to injustice, to
absurdity, or to contradictory provisions, the
duty devolves upon the court of ascertaining the
true meaning.  If the intentions of the
Legislature cannot be discovered, it is the duty
of the court to give the statute a reasonable
construction consistent with general principles of
law.'

City of Sherman v. Public Utility Commission of Texas, 643 S.W.2d 681, 684 (Tex. 1983). With respect to the legislative intent behind House Bill No. 1778, we find the following passage instructive:

> [M]any persons are improperly taking financial advantage of being designated a Texas auto dealer. The designation, obtained for a $100 fee, allows a person to purchase autos from other dealers substantially below retail prices, and the person also would be exempt from the Texas sales tax on motor vehicles.
>
> Although to be designated a Texas auto dealer requires other procedures than the $100 fee, these procedures are not adequately enforced. The result is many 'non-dealers' seeking to gain the dealers designation for the financial benefits. Currently approximately 10 to 12 thousand persons are awaiting action on their applications to become Texas auto dealers.
>
> In addition, many transactions between independent auto dealers and between auto dealers and consumers are not adequately protected from certain practices, including a failure to issue certificate of title.

Bill Analysis to House Bill No. 1778, prepared for House Committee on Transportation, filed in Bill File to House Bill No. 1778, Legislative Reference Library. The purpose of House Bill No. 1778, therefore, appears two-fold. First, the bill was intended to discourage persons from unscrupulously acquiring automobile dealers status. Second, the bill sought to provide security to consumers and auto dealers by requiring a bond to ensure both the payment of bank drafts drawn by applicants for the purchase of motor vehicles from another dealer and the transfer of good title for each motor vehicle sold by applicants. Thus, while the remainder of article 6686 is applicable to dealers who sell trailers, it is our opinion that the bond requirement of section (a)(7) was intended to apply only to dealers who purport to sell motor vehicles.

The conclusion we reach rests upon the historical distinction between "trailers" and "motor vehicles" as objects of regulation. Though drawn primarily from statutory language, this distinction finds support in the courts as well:

> [A] 'motor vehicle' is a common term, recognized to be a self-propelled vehicle, in other words, a vehicle which is pulled or pushed by a motor

within or on itself.  There is no doubt but that
the above statutes [articles 6675a-1; 6701h,
section 1; and 6687-1] indicate, that a trailer
pulled by a motor vehicle may become a part of
said motor vehicle, but none of the statutes
provide that a trailer is a motor vehicle.  A
trailer has been defined by some of the courts as
follows:  'It is only so much freight, even though
it does run on its own wheels'. . . .  Where a
person lends a trailer or semi-trailer to an owner
of a truck and while the same is being so operated
on the public highway and connected with said
truck, it has been held that the owner of the
trailer is not responsible in damages to a third
party, because the same is not considered a 'motor
vehicle.'  [citations omitted].

Prudential Insurance Co. of Great Britain v. Associated Employers
Lloyd, 250 S.W.2d 477, 480 (Tex. Civ. App. - Fort Worth 1952, no
writ).  Consequently, although the amendment to section (a)(7)
requires each applicant to file a bond "[a]s a condition for the
issuance of a license or licenses described in this subsection," Acts
1983, supra, at 5175, the specific use of the words "motor vehicle" in
the amendment evinces the clear legislative intent to limit the
operation of the bond requirement to motor vehicle dealers.

Furthermore, the bond required by article 6686, section (a)(7) is
expressly conditioned upon payment of bank drafts drawn for "the
purchase of motor vehicles from another dealer and the applicant's
transfer of good title to each motor vehicle that the applicant
purports to sell."  Id.  The dealers described in your requests (1)
sell trailers and not motor vehicles, (2) engage solely in retail
sales, not in dealer-to-dealer transactions, and (3) do not issue
certificates of title to the trailers they sell.  See V.T.C.S. art.
6687-1, §2b (certificate of Title Acts "trailer" means every vehicle
having weight in excess of 4000 pounds drawn by a motor vehicle).  We
do not presume that the legislature, in enacting House Bill No. 1778,
intended to impose an impossible requirement on dealers who do not
sell motor vehicles.  See Texas and Pacific Railway Co. v. Perkins, 48
S.W.2d 249, 251 (Tex. Comm'n App. 1932, holding approved).  Nor do we
presume that the legislature intended adherence to the strict letter
of section (a)(7) to create an unjust, absurd, or contradictory
result.  City of Sherman v. Public Utility Commission of Texas, supra.
Accordingly, we conclude that the bond requirement of amended article
6686, section (a)(7) does not apply to dealers who do not sell motor
vehicles as detailed in the foregoing discussion.

## S U M M A R Y

Article 6686, section (a)(7) remains applicable to persons who sell boat trailers but do not sell self-propelled vehicles; the bond required by that subsection, however, is inapplicable to such persons.

Very truly yours

**J I M   M A T T O X**
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by Rick Gilpin
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Jon Bible
David Brooks
Colin Carl
Susan Garrison
Jim Moellinger
Nancy Sutton