**PARAMOUNT NATIONAL LIFE INSURANCE COMPANY, Appellant,**

v.

**Hugh Morris RAUPE, Appellee.**

No. 2-84-062-CV.

Court of Appeals of Texas, Fort Worth.

Nov. 1, 1984.

Beard & Kultgen and Jim McDermitt, Waco, for appellant.

Dixon & Neuville, P.C. and Bailey F. Rankin, Granbury, for appellee.

Before ASHWORTH, BURDOCK and HILL, JJ.

OPINION

HILL, Justice.

Paramount National Life Insurance Company appeals from a judgment in favor of Hugh Morris Raupe, its insured under a health insurance contract, for damages which Raupe received while riding a bicycle. Paramount urges that Raupe is pre-

cluded from recovering under the policy because accidents while riding or operating a two-wheeled vehicle were excluded from coverage by the provisions of the policy.

We reverse and render, because we find that a bicycle is a two-wheeled vehicle within the meaning of the policy.

■ In point of error number one, Paramount complains of the trial court's finding that a bicycle is not a two-wheeled vehicle within the meaning of the policy exclusion. Terms used in an insurance contract are given their ordinary and generally accepted meaning unless the policy shows the words were meant in a technical or different sense. *Security Mut. Cas. Co. v. Johnson*, 584 S.W.2d 703, 704 (Tex.1979). In WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY (1981), a "bicycle" is defined as "a vehicle that has two wheels ...." Therefore, a bicycle is a two-wheeled vehicle within the meaning of the policy exclusion.

Raupe urges that the trial court was correct in finding that a bicycle is not a two-wheeled vehicle within the meaning of the exclusion because of the fact that a bicycle, at the time in question, was not defined as a vehicle in TEX.REV.CIV. STAT.ANN. art. 6701d, sec. 2(a) and (f), art. 6675a–1(a) (Vernon 1977), the statutes which pertain to the regulation of traffic on streets and highways. In art. 6701d and art. 6675a–1, prior to their amendment in 1983, devices which are moved by human power were excluded from the definition of "vehicle." Appellee cites two cases to support his contention that "vehicle" as it was used in the policy exclusion should be defined by the statutory definition of the motor vehicle laws as opposed to the ordinary and generally accepted meaning. Neither case is authority for Raupe's assertion. In *Dallas Railway & Terminal Co. v. Van Gilder*, 301 S.W.2d 724 (Tex.Civ. App.—Dallas 1957, writ ref'd n.r.e.), an intersection collision case, the court used the statutory definition of "vehicle" in determining whether a street car was a vehicle for the purposes of an instruction as to

right of way. The case involved the application of the motor vehicle laws, not the interpretation of an insurance contract. Use of the statutory definition was properly given in that case. Raupe also cites the case of *Prudential Ins. Co. v. Associated Employers Lloyds*, 250 S.W.2d 477 (Tex. Civ.App.—Fort Worth 1952, no writ). This case mentions the statutory definitions of "motor vehicle" and involves the construction of a reinsurance contract. The court in *Prudential* states, however, that "[w]ords used in the contract will be construed in the light of their ordinary and commonly accepted meaning." *Id.* at 480. We agree with this holding by the court in *Prudential*.

■ Raupe also urges that at best the policy exclusion was ambiguous. If the meaning of the word "vehicle" in the exclusion is determined by its ordinary and generally accepted meaning, then there is no ambiguity because a bicycle is generally understood to be a two-wheeled vehicle. The only way there could be an ambiguity is if one sought to determine the meaning in some other way, such as by statutory definitions, when the policy exclusion makes no reference to statutory definitions. One may not create an ambiguity, where one does not otherwise exist, by using an improper method of interpreting the policy provision. Raupe cites no case which would establish an ambiguity in such a situation.

Point of error number one is sustained. In view of our ruling on this point of error, we need not consider point of error number two.

We reverse and render judgment that Raupe take nothing by his suit. All costs are charged to Raupe, the appellee.