Fort Worth LLOYDS, Appellant,

v.

Eugene P. BURTNER, Appellee.

No. 16978.

Court of Civil Appeals of Texas.

Fort Worth.

Dec. 20, 1968.

Rehearing Denied Jan. 31, 1969.

Wallace Brady, Fort Worth, for appellant.

William L. Evans, Jr., Fort Worth, for appellee.

## OPINION

RENFRO, Justice.

The trial court held as a matter of law the insurer was liable to the insured for loss by fire of a motorboat, motor and boat trailer.

Insurer contends the above items were not covered by the policy in question, and that insured and insurer entered into a valid accord and satisfaction.

Fort Worth Lloyds issued its policy No. 13 07 71 to Eugene P. Burtner and wife in the amount of $4,000.00 on Household Goods—contents of a one story composition frame building.

Coverage was extended to private garages.

Pertinent provisions were:

"Furniture, Fixtures, and, or Machinery —Insurance on furniture, fixtures, and, or machinery shall include all contents not included as 'Building' or 'Stock' * * *.

"Contents—Insurance on 'Contents' shall include all property included above in 'Stock,' 'Furniture, Fixtures, and, or Machinery,' 'Household Goods,' * * *.

"Platform Clause—Insurance on stock, furniture, fixtures, or machinery shall cover while such property is contained in additions and extensions adjoining and communicating with the building and while on platforms, sidewalks, alleys, and yards immediately adjacent, including while in railroad cars or other vehicles within 100 feet of the described building.

"Excepted property. This policy shall not cover * * * motor vehicles, or aircraft."

Fire destroyed the garage and its contents on December 19, 1966.

It is undisputed that household goods stored in the garage, and destroyed, had a value of $1,113.75. Under the Household Goods extension, defendant was liable to plaintiff for a maximum of ten per cent of the face amount of the policy, or $400.00. An extra $75.00 was paid for damages to draperies in the dwelling.

The motorboat, motor, and trailer were valued at $1,875.00.

Defendant admitted liability for the $75.-00 damage to the draperies under basic coverage, and $400.00 for the goods destroyed in the garage under extension coverage, but denied coverage on the boat, motor and trailer.

Defendant tendered a draft under Policy No. 13 07 71 (plaintiff had policies with defendant on other property which are not here involved) to plaintiff in the sum of $475.00. Printed on the back of the draft was a warning that endorsement of the draft would be acknowledgment of full settlement, satisfaction and compromise. Plaintiff accepted, endorsed and cashed the draft.

Later, he brought suit for value of the motor, boat and trailer.

Judgment was rendered for plaintiff for the value of the above items under the Platform provisions of the policy.

The court found that the $400.00 payment on the household goods in the garage was an undisputed and liquidated claim for that amount and as such there was no reason to compromise that portion of the plaintiff's claim, and hence, the release was without consideration in so far as the motor, boat and trailer were concerned.

In arguing that the release was full accord and satisfaction, defendant relies on the authorities exemplified by Root & Fehl v. Murray Tool Co., 26 S.W.2d 189, 75 A. L.R. 902 (Tex.Com.App., 1930), which held: "It is the settled law of this state that, when an account is made the subject of a bona fide dispute between the parties as to its correctness, and the debtor tenders his check to the creditor upon condition that it be accepted in full payment, the creditor must either refuse to receive the check or accept the same burdened by its attached condition. If he accepts the check and cashes the same, he impliedly agrees to the condition, although he may expressly notify the debtor that he is not accepting the same with the condition, but is only applying the same as a partial payment on the account."

Appellee relies on the rule that payment of one liquidated matured claim as to which the debtor has no good faith defense does not constitute consideration to support the discharge of other claims against the debtor. For examples, see Woodall v. Pacific Mutual Life Ins. Co., 79 S.W. 1090 (Tex.Civ.App., 1904, no writ hist.); Machicek v. Renger, 185 S.W.2d 486 (Tex.Civ. App., 1945, ref.); Hallmark v. United Fidelity Life Ins. Co., 155 Tex. 291, 286 S. W.2d 133 (1956); and Williams v. Employers Mutual Cas. Co., 368 S.W.2d 122 (Tex.Civ.App., 1963, no writ hist.).

Plaintiff's claim under Household Goods coverage was liquidated and undisputed, and the undisputed amount was what was paid.

Whether defendant was liable under the Platform provision was disputed. It was a distinct and separate claim from the Household Goods provisions.

In answer to admissions, defendant conceded that the motorboat, motor and trailer were not Household Goods, and admitted that under the policy stock, furniture, fixtures or machinery was covered to their full value and that the Platform Clause insured stock, furniture, fixtures or machinery when in vehicles within 100 feet of the insured building.

Defendant admitted the boat-trailer was a vehicle. The boat and the motor were mounted on the trailer and were stored in the garage.

■ We agree with the trial court that the release, in so far as the boat, motor and trailer were concerned, was not a full accord and satisfaction, and, therefore, there was no release as to such items.

In our opinion the named items were covered under the Platform Clause. Under the record plaintiff's claims for such items were not released when he endorsed the draft covering loss under the Household Goods Clause.

It is not necessary to decide whether a motorboat is per se a motor vehicle. It is only necessary to determine if the exceptions in the policy excepted the motorboat as being a motor vehicle under the terms of the policy.

Generally, a motor vehicle is recognized to be a self-propelled vehicle which is pulled or pushed by a motor within or on itself. Prudential Ins. Co. v. Associated Employers Lloyds, 250 S.W.2d 477 (Tex. Civ.App., 1952, no writ hist.).

■ It is a matter of common knowledge that people ordinarily think of a land vehicle with wheels when speaking of or contracting about a motor vehicle, and, in the absence of statutory definition, or plain

and clear language in the contract, business people so regard the term when using the term "motor vehicle."

People seldom, if ever, refer to motor driven ice sleds, motor powered pleasure boats and life boats, motor powered airplanes and seaplanes as motor vehicles.

As a matter of fact, defendant recognized a distinction between airplanes and motor vehicles, for, in "Excepted Property" its provided coverage was excepted as to "motor vehicles or aircraft." It was not satisfied to depend upon the term "motor vehicle" to include aircraft, even though land aircraft have wheels and take off and land with use of such wheels. It is to be presumed that if defendant had intended to except motorboats from coverage it would have specifically named motorboats as it did aircraft.

A proper construction of the policy provisions under the rules of insurance policy construction and the undisputed facts leads to the conclusion that the boat, motor and trailer were fully covered under the Platform Clause.

Affirmed.