**Roy Franklin McLEMORE, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 3–83–203–CR.**

Court of Appeals of Texas, Austin.

April 18, 1984.

Rehearing Denied May 16, 1984.

---

J.W. Howeth, Austin, for appellant.

Ronald Earle, Dist. Atty., Ben C. Florey, Jr., Asst. Dist. Atty., Austin, for appellee.

Before PHILLIPS, C.J., and POWERS and BRADY, JJ.

PER CURIAM.

The trial court found appellant guilty of the offense of unauthorized use of a vehicle and assessed punishment at imprisonment for five years. Tex.Pen.Code Ann. § 31.07 (1974). Finding appellant's two grounds of error to be without merit, we affirm the judgment of conviction.

The indictment alleges appellant:

intentionally and knowingly operate[d] a motor-propelled vehicle owned by Jack Southern without his effective consent.

In his first ground of error, appellant contends there is a fatal variance between the allegation he unlawfully operated a "motor-propelled vehicle," and the evidence, which shows he unlawfully operated an airplane.

Section 31.07(a), *supra,* reads:

A person commits an offense if he intentionally or knowingly operates another's boat, airplane, or motor-propelled vehicle without the effective consent of the owner.

Appellant argues that where the vehicle in question is a boat or an airplane, it must be described as such in the indictment. Otherwise, he concludes, the accused is not given adequate notice of the offense with which he is charged.

In *Mears v. State*, 557 S.W.2d 309 (Tex. Cr.App.1977), the information alleged the defendant unlawfully operated a "motor vehicle." On appeal, he contended the information was fundamentally defective because it failed to adequately describe the motor vehicle. The court rejected this contention, holding:

> The information in the instant case tracks the language of the statute and thus charges an offense. Appellant's contention regarding the description of the motor vehicle relates to the certainty of the allegations and notice. Complaints regarding the sufficiency of an indictment or information must be raised in the trial court. [Citations omitted.] Since appellant did not move to quash the information in the present case, or object thereto, his complaint as to its sufficiency cannot be considered on appeal.

557 S.W.2d at 310. Like the defendant in *Mears*, appellant did not file a motion to quash the indictment and may not now complain he was denied an adequate description of the vehicle he was alleged to have used without authority.

Implicit in appellant's contention that there is a fatal variance between the indictment and the proof is the proposition that "boat, airplane, or motor-propelled vehicle" are mutually exclusive terms. While this may be true in some instances, it is not true in all instances. Moreover, we do not believe it was the intent of the legislature to classify motor-powered boats and airplanes as vehicles separate and distinct from "motor-propelled vehicles."

■ A "vehicle" is "any device or contrivance for carrying or conveying persons or objects, including land conveyances, vessels, aircraft, and spacecraft." Webster's New World Dictionary (Second College Edition, 1980). Thus, a "motor-propelled vehicle" is any device or contrivance for carrying or conveying persons or objects that is motor-propelled, including motor-propelled boats and aircraft.

■ Even if "boat" and "airplane" did not appear in § 31.07(a), *supra*, proof the accused operated a motorboat or motor-powered aircraft would nevertheless support a conviction for unauthorized use of a "motor-propelled vehicle." To this extent, the phrase "boat, airplane, or motor-propelled vehicle" is redundant. The inclusion of "boat" and "airplane" in § 31.07 has been explained as the expression of a legislative intent to include within the scope of the statute boats and aircraft that are not motor-propelled. Searcy and Patterson, Practice Commentary, 3 Tex.Pen.Code Ann. 558 (1974). Thus, proof the accused operated an airplane constitutes a fatal variance from the allegation he operated a "motor-propelled vehicle" only if the airplane was motorless.

■ It would have been better practice for the State to allege that appellant operated an airplane without the effective consent of the owner. However, proof that appellant operated a motor-powered airplane does not constitute a material and fatal variance from the allegation that he unlawfully operated a "motor-propelled vehicle."

■ This leads us to appellant's second ground of error, in which he contends the evidence is insufficient to establish that the airplane in question was motor-propelled. Appellant correctly points out that there is no direct evidence on this point.

The airplane was identified as a Cessna 210. The arresting officer testified he watched appellant taxi the airplane to the airport terminal and park it. Appellant and a passenger disembarked from the airplane, in which was found a trunk full of marihuana. Appellant testified he had flown the airplane on numerous occasions, including trips from Matamoros to Cancun and Mexico City, from Houston to Tennessee and South Carolina, and from Houston to California. Appellant was returning from California at the time of his arrest in Austin.

We find that the evidence does not reasonably support an inference that the airplane in question was a glider. To the contrary, the only reasonable inference is

that the airplane was motor-powered. *See Carlsen v. State,* 654 S.W.2d 444 (Tex.Cr. App.1983) (opinion on State's motion for rehearing). Because it was undisputed at trial that the airplane belonged to Jack Southern and was operated by appellant without the owner's consent, the evidence is sufficient to support the trial court's finding of guilt.

The judgment of conviction is affirmed.