**Glenn Robert WILLIAMS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 043–86.**

Court of Criminal Appeals of Texas, En Banc.

**March 4, 1987.**

---

Randall Grubbs, Garland, for appellant.

Jerry Cobb, Dist. Atty. and Jim E. Crouch, Asst. Dist. Atty., Denton, Robert Huttash, State's Atty., Austin, for State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

CAMPBELL, Judge.

Appellant was convicted by a jury of the offense of involuntary manslaughter. V.T.C.A. Penal Code, § 19.05(a)(2).[1] Punishment was assessed at ten years' confinement in the Texas Department of Corrections, probated, and a $5,000 fine. The Fort Worth Court of Appeals reversed the conviction, holding that the indictment upon which the appellant was tried was fundamentally defective. *Williams v. State*, 698 S.W.2d 266 (Tex.App.—Fort Worth 1985).

We granted the State's petition for discretionary review to determine whether a motorboat is considered to be a "motor vehicle" for purposes of a prosecution under V.T.C.A. Penal Code, § 19.05(a)(2).[2] We will affirm.

On July 4, 1983, the appellant, when operating a motorboat on Lake Lewisville, collided with a capsized sailboat, causing the death of David Gagnier. A breath alcohol test given some time after the collision resulted in a reading of 0.14 percent alcohol concentration in the appellant's body.

Instead of charging the appellant pursuant to V.T.C.A. Penal Code, § 19.05(a)(1), the offense of involuntary manslaughter by recklessly causing the death of an individu-

---

**1.** V.T.C.A. Penal Code, § 19.05(a) provides as follows:

A person commits an offense if he:
(1) recklessly causes the death of an individual; or
(2) by accident or mistake when operating a motor vehicle while intoxicated and, by reason of such intoxication, causes the death of an individual.

**2.** Review was granted because this case presents an important question of state law which has not been, but should be, settled by this Court, and because the justices of the Court of Appeals disagreed as to whether a motorboat falls within the definition of a "motor vehicle." Tex.R.App. Pro. 200(c)(2) & (c)(5).

al, the indictment charged the appellant under Section 19.05(a)(2). Omitting the formal parts, the indictment charged that the appellant

> did then and there intentionally and knowingly operate a motorboat while intoxicated, and did by reason of such intoxication cause the death of an individual, David Allen Gagnier through accident and mistake, namely: by driving said motorboat into David Allen Gagnier....

The Court of Appeals reversed the appellant's conviction, finding that the indictment was fundamentally defective. That Court relied heavily on civil statutes and cases and dictionary definitions in reaching its conclusion that "the term 'motor vehicle' is associated with land travel and the term 'motorboat' is associated with travel on or in the water." *Williams,* 698 S.W.2d at 269. We agree with the result reached by the Court of Appeals; however, we find that its reliance on civil and secondary authority was inappropriate.

While Section 19.05 does not define the term "motor vehicle," the State contends that this Court should apply the definition of "vehicle" found in other chapters of the Penal Code and extend that definition to encompass the term "motor vehicle." We disagree.

Although the term "vehicle" is defined elsewhere in the Penal Code, those definitions relate only to crimes against property, and their application is limited to the chapters in which they appear. See V.T.C.A. Penal Code, §§ 28.01(4) & 20.01(3) (*"In this chapter,* '[v]ehicle' includes any device in, on, or by which any person or property is or may be propelled, moved, or drawn in the normal course of commerce or transportation....") (emphasis added).

In interpreting the meaning of a provision of the Penal Code, we must look to Chapter 311 of the Code Construction Act, V.T.C.A. Government Code, §§ 311.-011–.012, 311.014–.015 & 311.021–.032. See V.T.C.A. Penal Code, § 1.05. The use of the Code Construction Act to determine the meaning of a term is necessary only where the term is ambiguous. See *Ex parte Roloff,* 510 S.W.2d 913 (Tex.1974); *Fox v.*

*Burgess,* 302 S.W.2d 405 (Tex.1957); *Kincheloe v. State,* 175 S.W.2d 593 (Tex.Cr. App.1943). The term "motor vehicle," as it is used in Section 19.05, is ambiguous since the statute does not define "motor vehicle," and since common usage of the term leaves it open to more than one interpretation. See V.T.C.A. Government Code, § 311.-011(a) ("Words and phrases shall be read in context and construed according to the rules of grammar and common usage."). Section 311.011(b) of the Code Construction Act provides that "[w]ords and phrases that have acquired a technical or particular meaning, whether by legislative definition or otherwise, shall be construed accordingly." Further, "[i]n construing a statute, whether or not the statute is considered ambiguous on its face, a court may consider among other matters" the object of the statute, the circumstances surrounding its enactment, its legislative history, former statutory provisions, the consequences of a particular construction, and the statute's caption, preamble and emergency provision. V.T.C.A. Government Code, § 311.-023. We will now apply the Code Construction Act criteria to Section 19.05(a)(2), *supra.*

The precursor statute to Section 19.-05(a)(2) was Article 802 of the former Penal Code, which originally set forth the offense of driving while intoxicated. Article 802 stated:

> Any person who drives or operates an automobile or any motor vehicle upon any street or alley or any other place within the limits of any incorporated city, town or village or *upon any public road or highway* in this State while such person is intoxicated or in any degree under the influence of intoxicating liquor, shall be confined in the penitentiary for not more than two years, or be confined in jail for not more than ninety days, or fined not more than five hundred dollars, or be punished by both such fine and imprisonment in jail.

Acts 1925, 39th Leg., p. 191, originally enacted as Acts 2d C.S. 1923, p. 32 (emphasis added). Article 802 was amended in 1935 and in 1937; each amendment similarly pro-

scribed intoxicated driving "upon any public road or highway." See Acts 1937, 45th Leg., p. 108, ch. 60, § 1; Acts 1935, 44th Leg., p. 1654, ch. 424, § 1. Further, in amending Article 802, the Legislature noted, in the emergency provisions to the bills, the "increasing number of accidents occurring on the highways of this State by reason of the operation of motor vehicles by drunken drivers...." Acts 1937, 45th Leg., p. 108, ch. 60, § 2; Acts 1935, 44th Leg., p. 1654, ch. 424, § 2; see V.T.C.A. Government Code, § 311.023(7).

Article 802c, enacted in 1941, dealt with the offense of causing a death when driving while intoxicated. It provided:

> Any person who drives or operates an automobile or any other motor vehicle *upon any public road or highway* in this State, or upon any street or alley or any other place within the limits of an incorporated city, town or village, while such person is intoxicated or under the influence of intoxicating liquor, and while so driving and operating such automobile or other motor vehicle shall through accident or mistake do another act which if voluntarily done would be a felony, shall receive the punishment affixed to the felony actually committed.

Acts 1941, 47th Leg., p. 819, ch. 507, § 3 (emphasis added). Subsequent amendments to Article 802c also retained the "public road or highway" language. See Acts 1953, 53d Leg., p. 480, ch. 167, § 1; Acts 1951, 52d Leg., p. 813, ch. 457, § 1.

When the Legislature recodified the Penal Code in 1973, it enacted Section 19.05, which defined the offense of involuntary manslaughter. See note 1, *supra.* We have reviewed the testimony from the legislative hearings dealing with Section 19.05, and there is nothing in that record to indicate that the authors of the statute intended that the term "motor vehicle" have any technical or particular meaning. Indeed, the testimony indicated that Section 19.05 would simply replace former Article 802c. Hearings on H.B. 514 Before the House Subcomm. on Crim.Juris., 63d Leg. (March 5, 1973) (statement of Dain Whitworth).

 Tracing the history of Section 19.-05(a)(2), we find that the statute and its predecessors were intended to apply to vehicles which travel "upon public roads or highways." Since the term "motorboat" refers to a vehicle which travels in the water, we hold that the term "motorboat" is not included in the definition of "motor vehicle" as that term is used in Section 19.05(a)(2).[3] By charging the appellant with involuntary manslaughter under Section 19.05(a)(2), the indictment is fundamentally defective, as it fails to allege an offense against the laws of this State.

The judgment of the Court of Appeals is affirmed.

DUNCAN, J., not participating.

---

**3.** Further evidence that the Legislature intended that boats and other modes of water transportation should be separated from motor vehicles is found in the Parks and Wildlife Code provision prohibiting the operation of a "vessel" while intoxicated. V.T.C.A. Parks & Wildlife Code, § 31.097. Cf. V.A.C.S., Article 6701*l*–1(b) (setting forth the offense of intoxicated "driving or operating a motor vehicle in a public place"). Since there are separate statutes prohibiting the operation of "vessels" and "motor vehicles" while intoxicated, these provisions indicate that the Legislature intended to give different treatment to vessels than to motor vehicles.