**Pussde OZOLINS, as Next Friend of Danielle S. Bader, a Minor, and as Representative of the Estate of Gilbert Franklin Bader, Deceased, Appellant,**

v.

**NORTH LAKE COMMUNITY COLLEGE, A DIVISION OF THE DALLAS COUNTY COMMUNITY COLLEGE DISTRICT, Appellee.**

No. 2–90–172–CV.

Court of Appeals of Texas, Fort Worth.

March 6, 1991.

Francis & Petroff, Kip A. Petroff and Erin C. Askew, Dallas, for appellant.

Strasburger & Price, Kevin E. Cox and P. Michael Jung, Dallas, for appellee.

Before HILL, FARRIS and MEYERS, JJ.

## OPINION

FARRIS, Justice.

Ozolins sued the North Lake Community College ("College") for the wrongful death of Gilbert Bader, who drowned when he fell from the sailboat used in the College's sailing course. She claimed his death resulted from the operation or use of a motor vehicle, the only exception to a community college's immunity from liability under the Texas Tort Claims Act. *See* TEX.CIV.PRAC. & REM.CODE ANN. sec. 101.051 (Vernon 1986). The College moved for summary judgment contending a sailboat is not a motor vehicle and sailing one does not constitute the operation or use of a motor vehicle. The trial court granted a summary judgment and severed Ozolins' claim against another defendant. Ozolins appeals contending the evidence raised a question of fact on this issue. We hold that a sailboat is not a motor vehicle, over-rule her point of error, and affirm the summary judgment.

Ozolins relies on TEX.REV.CIV.STAT. ANN. art. 6675a–1 (Vernon 1977) for these definitions which she claims are relevant to her position:

> (a) "Vehicle" means every device in, or by which any person or property is or may be transported or drawn upon a public highway, except devices moved only by human power or used exclusively upon stationary rails or tracks.
>
> (b) "Motor Vehicle" means every vehicle, as herein defined, that is self-propelled.

*Id.* She contends this statute essentially provides that every device with a motor by which people may be transported is a motor vehicle. With such a broad reading of the statute, she concludes that the sailboat from which Bader fell is a motor vehicle, even though that motor was not in use.

Article 6675a–1 defines "motor vehicle" to include land vehicles such as motor cycles, truck-tractors, farm-tractors, trailers, passenger cars, and street or suburban buses. Additionally, the College directs us to many more Texas statutes which, although sometimes contradictory, still define motor vehicles in terms of land vehicles. *See* TEX.REV.CIV.STAT.ANN. art. 6675a–6e, sec. 1 (Vernon 1977), art. 5069–7.01(a) (Vernon 1987) & art. 6701d–11, sec. 1(2) (Vernon Supp.1991) (*including the same vehicles listed above*); *but see* TEX. REV.CIV.STAT.ANN. art. 911g, sec. 1(d) (Vernon Supp.1991) (*excluding passenger cars, station wagons and trolleys*). Notwithstanding the differences, none of the cited statutes define "motor vehicle" to include any type of boat; in fact, article 4413(36) of the Motor Vehicle Commission Code defines a motor vehicle as having two or more wheels, (*Id.* sec. 1.03(1)(A), (B) (Vernon Supp.1991)), which would necessarily exclude all boats as well as certain forms of air travel. Thus, just because a vehicle has a motor, it is not necessarily a motor vehicle. *Also see Brookshire v. Houston Indep. School Dist.,* 508 S.W.2d 675, 678–79 (Tex.Civ.App.—Houston [14th Dist.] 1974, no writ) (*a forklift was not a motor vehicle*).

■ Because the statutes offer such a disparity of definitions, it is necessary to turn to the case law. In 1968, this court held that motor-powered pleasure boats were not motor vehicles, relying on the common usage of the term. *See Lloyds v. Burtner,* 436 S.W.2d 611, 613–14 (Tex.Civ. App.—Fort Worth 1968, writ ref'd n.r.e.) *(court held that motorboat was not excluded from insurance policy which specifically excepted motor vehicles and aircraft*). This state's highest criminal court reached a similar holding, also relying on the common meaning of "motor vehicle." *See Williams v. State,* 725 S.W.2d 258, 260–61 (Tex.Crim.App.1987) *(laws making it an offense to operate a motor vehicle while intoxicated did not include motor boats, only land vehicles*). Indeed, when a statute does not clearly define a term, the ordinary meaning of that term will be applied. *Hopkins v. Spring Indep. School Dist.,* 736 S.W.2d 617, 619 (Tex.1987); *also see Slaughter v. Abilene State School,* 561 S.W.2d 789, 791 (Tex.1977) (holding that a tractor is a motor vehicle under the Texas Tort Claims Act). Ozolins has not provided us with any reason or authority that reflects a change in the ordinary meaning of "motor vehicle," thus we hold a sailboat, even one that contains a motor, is not a motor vehicle. Ozolins' point of error is overruled.

The summary judgment is affirmed.