

# ATTORNEY GENERAL OF TEXAS

## GREG ABBOTT

April 15, 2004

Mr. Mac Tristan
Chairman, Texas Automobile Theft
   Prevention Authority
4000 Jackson Avenue
Austin, Texas 78731

Opinion No. GA-0179

Re: Whether the Texas Automobile Theft Prevention Authority may assess a fee for insurance on, and use its funds to investigate the theft of, self-propelled farm equipment, construction equipment, boats and aircraft (RQ-0127-GA)

Dear Mr. Tristan:

You ask whether the Texas Automobile Theft Prevention Authority may assess a fee for insurance on, and use its funds to investigate, the theft of self-propelled farm equipment, construction equipment, boats and aircraft.[1]

The Texas Automobile Theft Prevention Authority (the "Authority"), established under article 4413(37) of the Revised Civil Statutes, was initially created as a part of the criminal justice division of the governor's office. *See* Act of May 25, 1991, 72d Leg., R.S., ch. 243, § 1, 1991 Tex. Gen. Laws 1138, 1138-41. The agency was transferred to the Department of Transportation in 1997. *See* Act of May 14, 1997, 75th Leg., R.S., ch. 305, § 3, 1997 Tex. Gen. Laws 1349, 1349. The Authority is composed of seven members, six appointed by the governor and the director of the Department of Public Safety, or a designee appointed by the director. *See* TEX. REV. CIV. STAT. ANN. art. 4413(37), § 3(a) (Vernon Supp. 2004). The governor's appointees must include two representatives of motor vehicle insurance consumers, two representatives of motor vehicle insurance companies, and two representatives of law enforcement. *See id.* § 3(b)(1)-(3).

The Authority is empowered to adopt rules. *See id.* § 6(a). It is required to "develop and implement a plan of operation" that includes "an assessment of the scope of the problems of automobile theft and economic automobile theft"[2]; "an analysis of various methods of combating the problems of automobile theft and economic automobile theft"; and "a plan for providing financial support to combat automobile theft and economic automobile theft." *Id.* § 7(a)-(b).

---

[1] *See* Letter from Mr. Mac Tristan, Chairman, Texas Automobile Theft Prevention Authority, to Honorable Greg Abbott, Texas Attorney General at 2 (Nov. 12, 2003) (on file with Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

[2] "Economic automobile theft" is defined as "automobile theft committed for financial gain." TEX. REV. CIV. STAT. ANN. art. 4413(37), § 1(2) (Vernon Supp. 2004).

One of the Authority's principal duties is to "develop a statewide automobile registration program to be administered by the Department of Public Safety." *Id.* § 9(a). The Authority is directed to "identify a period of the day during which most automobiles are not used. An owner of an automobile that does not usually use the automobile during that period may register the automobile with the Department of Public Safety in accordance with the program developed by the authority." *Id.* § 9(b). The registration program includes the issuance "to the owner of an automobile registered under this section a decal or other appropriate identifying marker to be affixed to the automobile to indicate that the automobile is registered with the program." *Id.* § 9(e). "A peace officer who observes a registered automobile that is being operated during the period of the day identified by the authority under Subsection (b) of this section may stop the automobile to determine whether the automobile is being operated by the owner or with the owner's permission." *Id.* § 9(f).

Section 8 of article 4413(37) describes the Authority's use of appropriated funds. Much of its funding is derived from a fee imposed on insurers. Section 10(b) requires that an insurer "pay to the authority a fee equal to $1 multiplied by the total number of motor vehicle years of insurance for insurance policies delivered, issued for delivery, or renewed by the insurer." *Id.* § 10(b). "Insurer" is defined in article 4413(37) as "any insurance company writing any form of *motor vehicle insurance* in this state, including an interinsurance or reciprocal exchange, mutual company, mutual association, or Lloyd's plan." *Id.* § 10(a)(1) (emphasis added). The term "motor vehicle insurance" is not defined in article 4413(37). The Authority looks to the Insurance Code to define the term. *See* Request Letter, *supra* note 1, at 2. Article 5.01(e) of the Insurance Code provides:

> (e) Motor vehicle or automobile insurance as referred to in this subchapter shall be taken and construed to mean every form of insurance on any automobile or other vehicle hereinafter enumerated and its operating equipment or necessitated by reason of the liability imposed by law for damages arising out of the ownership, operation, maintenance, or use in this State of any automobile, motorcycle, motorbicycle, truck, truck-tractor, tractor, traction engine, or any other *self-propelled vehicle*, and including also every vehicle, trailer or semi-trailer pulled or towed by a motor vehicle, but excluding every motor vehicle running only upon fixed rails or tracks. Workers' compensation insurance is excluded from the foregoing definition.

TEX. INS. CODE ANN. art. 5.01(e) (Vernon Supp. 2004) (emphasis added).

You first ask whether the Authority may "adopt a rule defining the term 'any other self-propelled vehicle' to include self-propelled farm equipment, construction equipment, boats [and] aircraft." Request Letter, *supra* note 1, at 2. You also ask whether the Authority may assess the article 4413(37) fee only upon vehicles insured under motor vehicle or automobile insurance policies or whether it may also assess the fee on types of insurance that cover heavy equipment. *See id.* We gather from these two questions that the Authority proposes to adopt a rule broadening the meaning

of "motor vehicle" that would require insurers to pay the article 4413(37) fee based on insurance policies other than motor vehicle insurance policies. *See id.* (noting that certain kinds of mobile equipment may be insured under general liability insurance policies as opposed to motor vehicle insurance policies).

The scope of the term "motor vehicle" in article 5.01(e) is not dispositive of the proper basis for the article 4413(37) fee, and a rule providing a broad definition of the term would not permit the Authority to expand the basis for the fee. Chapter 5 of the Insurance Code is divided into a number of subchapters. Subchapter A, of which article 5.01 is a part, deals with "motor vehicle or automobile insurance." TEX. INS. CODE ANN. art. 5.01-.12 (Vernon Supp. 2004). Other subchapters govern "aircraft insurance" (subchapter K), *id.* art. 5.91-.98; fire and allied lines (subchapter C), which includes marine insurance, *id.* art. 5.25-.53A; and general casualty insurance (subchapter B), *id.* art. 5.13-.24. Article 5.01(e) describes a variety of vehicles, both self-propelled and otherwise, that *may* be insured under a "motor vehicle insurance" policy. But the Authority does not assess its fee upon "vehicles," but upon "insurers" based on the number of "motor vehicle insurance" policies they write. *See* TEX. REV. CIV. STAT. ANN. art. 4413(37), § 10(a)-(b) (Vernon Supp. 2004). If an insurer writes a "motor vehicle insurance" policy, the Authority may assess its fee upon that insurer for those policies. *See id.* If a vehicle is *not* insured under a "motor vehicle insurance" policy, however, but under some other kind of policy, such as aircraft, marine, or general casualty policy, the insurer is not an "insurer" for purposes of article 4413(37), and as a result, no fee may be imposed on the policy. *See id.*

In sum, to answer your specific questions, the Authority may not by rule define the term "self-propelled motor vehicle" to impose the article 4413(37) fee on insurance policies other than motor vehicle insurance policies. Moreover, the Authority may not assess the fees on other kinds of insurance policies that may insure against liability relating to motor vehicles, such as general liability policies, marine and aircraft policies.

Your third question is whether appropriated funds of the Authority may be used to fund projects that relate to thefts of self-propelled farm equipment, self-propelled construction equipment, and boats and aircraft. *See* Request Letter, *supra* note1, at 2. Section 8 of article 4413(37) describes the permissible uses of appropriated funds to include:

> (1)  establishing and funding the *automobile* registration program required by Section 9 of this article;

> (2)  providing financial support to law enforcement agencies for economic *automobile* theft enforcement teams;

> (3)  providing financial support to law enforcement agencies, local prosecutors, judicial agencies, and neighborhood, community, business, and nonprofit organizations for programs designed to reduce the incidence of economic *automobile* theft;

>        (4)     conducting educational programs designed to inform
> *automobile* owners of methods of preventing *automobile* theft;
>
>        (5)     providing equipment, for experimental purposes, to
> assist *automobile* owners in preventing *automobile* theft; and
>
>        (6)     establishing a uniform program to prevent stolen
> *motor vehicles* from entering Mexico.

TEX. REV. CIV. STAT. ANN. art. 4413(37), § 8(a)(1)-(6) (Vernon Supp. 2004) (emphasis added). Thus, article 4413(37) requires the Authority to take steps to prevent "automobile" theft, and in one instance, to prevent stolen "motor vehicles" from entering Mexico. *Id.* art. 4413(37), § 8(4), (6).

Article 4413(37) contains no definition of either "automobile" or "motor vehicle." We must therefore look to other statutes and case law to discern the meaning of those terms. *See La Sara Grain Co. v. First Nat'l Bank*, 673 S.W.2d 558, 565 (Tex. 1984). In *Nichols v. State*, 242 S.W.2d 396 (Tex. Crim. App. 1951), the court held that the word "automobile," as used by the legislature in describing the offense of driving while intoxicated, "is a generic term which includes the motor vehicle commonly known as a 'truck.'" *Id.* at 397. In *Small v. State*, 631 S.W.2d 201 (Tex. App.–Corpus Christi 1982, no writ), the court held that, for purposes of the offense of driving while intoxicated, "automobile" is broad enough to include "motorcycle." No Texas case has held, however, that self-propelled farm or construction equipment is embraced within the definition of "automobile" for purposes of article 4413(37).

The Texas Supreme Court has held that, in common usage, the terms "automobile" and "motor vehicle" are not synonymous:

> The courts have held the term "motor vehicle" to be different from
> and broader than the term "automobile.". . . Common usage has
> made the phrase "motor vehicle" a generic term for all classes of self-
> propelled vehicles not operating on stationary rails or tracks, and
> therefore, as a result all automobiles are motor vehicles, but the
> contrary proposition is not true. The term "motor vehicle" is much
> broader than the word "automobile" and includes various vehicles
> which cannot be classified as automobiles.

*Slaughter v. Abilene State Sch.*, 561 S.W.2d 789, 791-92 (Tex. 1977). There is no single definition of "motor vehicle" under Texas law. Under the Certificate of Title Act, for example, "motor vehicle" includes "any motor driven or propelled vehicle required to be registered under the laws of this state; a trailer or semitrailer . . . that has a gross vehicle weight that exceeds 4,000 pounds; a house trailer; a four-wheel all-terrain vehicle . . .; [and] a motorcycle, motor-driven cycle, or moped." TEX. TRANSP. CODE ANN. § 501.002(14) (Vernon Supp. 2004). For purposes of Motor Vehicle Safety Responsibility Act, a "motor vehicle" is "a self-propelled vehicle designed for use on a highway, a trailer or semitrailer for use with a self-propelled vehicle, or a vehicle propelled by

electric power from overhead wires and not operated on rails." *Id.* § 601.002(5) (Vernon 1999). Other statutes define "motor vehicle" in various but similar ways. A number of statutes emphasize the "highway use" aspect in defining the term. *See, e.g., id.* § 647.001 (Vernon Supp. 2004) (relating to the motor transportation of migrant agricultural workers); TEX. TAX CODE ANN. § 162.001(44) (Vernon Supp. 2004) (relating to motor fuel taxes); TEX. NAT. RES. CODE ANN. § 116.001(8) (Vernon 2001) (relating to compressed natural gas).

Considering the purpose of article 4413(37) – to establish a mechanism for the prevention of automobile theft – we believe that the term "motor vehicle" as used in section 8(6) of that statute, is a more inclusive term than that of "automobile," but that it should be restricted to motor vehicles that are intended for use on a highway. Thus, the Authority may establish a uniform program to prevent self-propelled farm and construction equipment from entering Mexico only if those vehicles are designed for highway use. If, on the other hand, such vehicles are operated entirely within the confines of private property, they may not be included in the uniform program established by section 8(6) of article 4413(37).

An aircraft, however, is clearly not a "motor vehicle" within the contemplation of article 4413(37). *See McBoyle v. United States*, 283 U.S. 25, 26 (1931) ("in everyday speech 'vehicle' calls up the picture of a thing moving on land," and thus, an airplane is not a "motor vehicle"). Neither, under Texas law, is a motorboat included within the definition of "motor vehicle." *See Williams v. State*, 698 S.W.2d 266, 268 (Tex. App.–Fort Worth 1985), *aff'd*, 725 S.W.2d 258 (Tex. Crim. App. 1987). Case law thus excludes boats and aircraft from the definition of "motor vehicle" for purposes of section 8 of article 4413(37). As a result, the Authority may not fund projects that relate to thefts of boats and aircraft.

## S U M M A R Y

The Texas Automobile Theft Prevention Authority may assess a fee only upon insurers who insure vehicles under a "motor vehicle insurance" policy. It may not assess a fee upon insurers that insure a vehicle under any other kind of policy. The Authority may establish a program to prevent the theft of "automobiles," including trucks and motorcycles, but not including self-propelled farm and construction equipment. The Authority may establish a uniform program to prevent self-propelled farm and construction equipment from entering Mexico only if that equipment is intended for highway use. It may not do so if such equipment is operated entirely within the confines of private property. The Authority may not fund any projects that relate to thefts of boats and aircraft.

Yours very truly,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee